UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 1 of 11 |

Present: The Honorable   MICHAEL W. FITZGERALD, United States District Judge

RITA SANCHEZ
Deputy Clerk

NOT REPORTED
Court Reporter

Attorneys Present for Plaintiff(s)
None Present

Attorneys Present for Defendant(s)
None Present

**Proceedings:** (IN CHAMBERS) ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and a claim for damages pursuant to construction-related accessibility statutes, including the California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53. As the Court has only supplemental jurisdiction over the Unruh Act and any other state law claims for construction-related disability access, and in light of California's statutory efforts to curb abuses relating to such claims, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim(s) asserted in the Complaint. *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4). The Court has reviewed and considered Plaintiff's response to the Court's Order to Show Cause.

I.   **DISCUSSION**

A.   **ADA and Unruh Act Claims**

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, "damages are not recoverable . . . only injunctive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 2 of 11 |

relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides that all persons in California, "no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA constitutes a violation of § 51 of the Unruh Act. *Id.* § 51(f). Unlike the ADA, however, the Unruh Act allows for recovery of monetary damages for each and every offense, "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." *Id.* § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

### B. California's Limitations on the Filing of Construction-Related Accessibility Claims

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act [and other construction-related accessibility claims]." *Velez v. Il Fornaio (America) Corp.*, No. 3:18-cv-1840-CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," defined as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened standard requires a plaintiff asserting construction-related accessibility claims to include specific facts concerning the claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 3 of 11 |

complaint alleging construction-related accessibility claims must be verified, or it is subject to a motion to strike. *Id.* § 425.50(b)(1).

When California continued to experience large numbers of these types of actions, it imposed additional limitations on "high-frequency litigants," which became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

*Id.* § 425.55(b)(1). Attorneys may also fall within the definition of "high-frequency litigants." *See id.* § 425.55(b)(2).

In support of these additional requirements on high-frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 4 of 11 |

> correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2). In response to these "special and unique circumstances," *id.* § 425.55(3), California imposed a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees. Cal. Gov't Code § 70616.5. California law also requires high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A). According to Plaintiff's response to the Court's Order to Show Cause, Plaintiff falls within the definition of a high-frequency litigant.

### C. Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts have discretion to decline to exercise supplemental jurisdiction if:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
|---|---|---|---|
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 5 of 11 |

    (1)    the claim raises a novel or complex issue of State law;

    (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

    (3)    the district court has dismissed all claims over which it has original jurisdiction; or

    (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c).

    The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Int'l Coll. Of Surgeons*, 522 U.S. at 173 (quoting *Cohill*, 484 U.S. at 350)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 6 of 11 |

The Ninth Circuit does not require an "explanation [of] a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)–(3). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). When a district court invokes § 1367(c)(4), however, it must "articulate why the circumstances of the case are exceptional in addition to inquir[e] whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.*

### D. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Construction-Related Accessibility State Law Claims

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions that California has imposed on construction-related accessibility claims by relying on § 1367(a)'s grant of supplemental jurisdiction to file their construction-related accessibility claims in federal court in combination with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District. That number constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in

Case 2:24-cv-05040-MWF-MAR Document 13 Filed 07/02/24 Page 7 of 11 Page ID #:57

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |

| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 7 of 11 |

2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens that California's businesses may face from claims for statutory damages and attorneys' fees under the Unruh Act and any other related state claims brought by serial litigants. By filing this action in federal court, Plaintiff has evaded these limits and claimed state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden that the ever-increasing number of such cases poses to the federal courts, present "exceptional circumstances" and "compelling reasons" that justify the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and any other related state claims in this action under 28 U.S.C. § 1367(c)(4).

Declining to exercise supplemental jurisdiction over Plaintiff's construction-related accessibility state claims in these circumstances supports the values of judicial economy, convenience, fairness, and comity. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("[T]he Court finds it would be improper to allow Plaintiff [a high-frequency litigant] to use federal court as an end-around to California's pleading requirements . . . as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims . . . ."); *see also Gibbs*, 383 U.S. at 726. Although some plaintiffs and their counsel have argued that they file in federal court not to evade California's restrictions, but because of the quality of the judges, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority, the Court finds that such arguments are unpersuasive and belied by the nature of the recent dramatic increase in the filing of such cases in federal court. Indeed, those reasons, if true at all, do not explain why nearly nine times more construction-related accessibility actions were filed in the Central District in 2019 than were filed in 2013. As one district court recently explained:

Case 2:24-cv-05040-MWF-MAR   Document 13   Filed 07/02/24   Page 8 of 11   Page ID #:58

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
|---|---|---|---|

| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 8 of 11 |
|---|---|---|---|

In attempting to show that his decision to file in federal court is not simply an attempt to evade California's heightened pleading rules, Schutza insists the 'quality of judges [and] the quality of legal rulings' is higher in federal court. This argument, of course, flies in the face of our judicial system's equal respect for state and federal courts. The convenience of electronic filing and the widespread availability of published opinions—other arguments Schutza advances—may be creature comforts that make filing in federal court more enticing, but they hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims. If Schutza were able to articulate a persuasive reason for his decision to file in federal court, perhaps this would be a different story. As it stands, though, the Court can discern no basis for the state law claim being filed in federal court other than to prevent California from being able to apply and enforce its own rules.

*Schutza v. Alessio Leasing, Inc.* (*Alessio Leasing*), No. 18-cv-2154-LAB (AGS), 2019 WL 1546950, at *3 (S.D. Cal. Apr. 8, 2019); *see also Schutza*, 262 F. Supp. 3d at 1031 ("It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act.").

"Federal courts may properly take measures to discourage forum-shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period, the Court finds this to be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 9 of 11 |

compelling reason to decline supplemental jurisdiction." *Schutza*, 262 F. Supp. 3d at 1031 (citing *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965)).

Recently, the Ninth Circuit agreed that a district court may properly decline to exercise supplemental jurisdiction over ADA-based Unruh Act claims in the interest of federal-state comity. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021). There, the Ninth Circuit observed that the significant increase in ADA/Unruh cases in federal court after California's 2015 amendment to the Unruh Act "threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id*. at *8. "The ready shifting of ADA-based Unruh Act cases to federal court has created 'an 'end-[run] around' California's requirements,'" leading to the conclusion that the comity concerns created by the exercise of supplemental jurisdiction "involve[] 'exceptional circumstances' within the meaning of § 1367(c)(4)." *Id*. at *8–*9.

The Court therefore concludes that "exceptional circumstances" and "compelling reasons" support its decision to decline to exercise supplemental jurisdiction over Plaintiff's construction-related accessibility claims under 28 U.S.C. § 1367(c)(4). The Court further concludes that Plaintiff's state claims substantially predominate over the ADA claim for purposes of 28 U.S.C. § 1367(c)(2). *See Schutza*, 262 F. Supp. 3d at 1030 ("[Plaintiff's] nine allegations, if proven, would entitle Plaintiff to a minimum monetary award of $36,000. In contrast, under the ADA, Plaintiff would only be entitled to injunctive relief."); *see also Reyes v. Flourshings Plus, Inc.*, 2019 WL 1958284, at *2 (S.D. Cal. May 2, 2019) ("The monetary damages Plaintiff seeks under the Unruh Act, [Disabled Persons Act], and California common law substantially predominate over his request for injunctive relief under the ADA."); *id*. at *3 ("Plaintiff's prior litigation of lawsuits in this district further supports that he primarily seeks monetary rather than injunctive relief. Most often, [Plaintiff] settles and/or voluntarily dismisses his cases with prejudice before or shortly after an answer is filed.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 10 of 11 |

Exercising the Court's discretion to decline supplemental jurisdiction does not deprive Plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed. The ADA claim remains pending in this Court. Whatever inefficiencies that the Court's refusal to exercise supplemental jurisdiction causes are problems created by Plaintiff's filing of this action in federal court rather than in a state court:

> [T]here is no relief available to [Plaintiff] in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

*Alessio Leasing*, 2019 WL 1546950, at *4. The Court additionally notes that if Plaintiff legitimately seeks to litigate this action in a single forum, Plaintiff may dismiss this action and refile it in a state court in accordance with California's requirements. Indeed, that may be the only course of action that would prevent Plaintiff from running afoul of the rule against splitting claims that arise out of a common nucleus of operative facts. *See Mattson v. City of Costa Mesa*, 106 Cal.App.3d 441, 446–455, 164 Cal.Rptr. 913 (1980). Finally, by declining to exercise supplemental jurisdiction, the Court is restoring the balance Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and an award of attorneys' fees, but did not allow for the recovery of statutory damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-5040-MWF(MARx) | Date | July 2, 2024 |
|---|---|---|---|
| Title | *Joshua Cuevas v. Angry Ferret Brewing Company LLC, et al.* | Page | 11 of 11 |

## II.  CONCLUSION

In light of the foregoing, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state claims asserted in the Complaint. The Court therefore dismisses any such claims without prejudice.  *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4).

**IT IS SO ORDERED.**